IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV43-02-V
(5:01CR5-22-V)

| | | |
|---|---|---|
| KEVIN EUGENE PRESSLEY, ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | O R D E R | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | |

**THIS MATTER** is before this Court upon the petitioner's Motion to Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed April 13, 2005. For the reasons stated herein, the petitioner's Motion to Vacate will be <u>dismissed</u> as time-barred.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the record underlying the petitioner's criminal case, on August 23, 2001, the petitioner pled guilty, pursuant to a written Plea Agreement, to a charge of conspiracy to possess with intent to distribute, and to distribute, five kilograms of powder cocaine and 50 grams or more of cocaine base. Thereafter, on April 17, 2002, the Court sentenced the petitioner to a term of 165 months imprisonment. The Court's Judgment was filed on May 20, 2002.

The petitioner did <u>not</u> appeal either his conviction or sentence. Rather, after waiting nearly two years, on April 13,

2005, the petitioner filed the instant Motion to Vacate. According to such Motion, the petitioner asserts that the Court erred in imposing a sentence above the statutory maximum term "authorized by the Sentencing Guidelines, on facts not charged in the Indictment, admitted by the petitioner, or found by a jury beyond a reasonable doubt." By his second claim, the petitioner alleges that his attorney was ineffective during the "stages of the Plea Agreement, Presentence Report, and Sentencing Hearing . . . ." Third, the petitioner alleges that he was subjected to prosecutorial misconduct in violation of his Fifth and Sixth Amendment rights.

Recognizing that his Motion to Vacate likely would be construed as time-barred, the petitioner set out to establish that such Motion is timely under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA" hereafter). In particular, the petitioner asserts that his Motion should be deemed timely filed based upon the provision of the AEDPA which provide that a petitioner's one-year limitations period be calculated from "the date on which the impediment to making a motion created by governmental action . . . is removed. . . "; and/or based upon the provision that the one year period is calculated from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases

on collateral review."

With respect to this first assertion, the petitioner contends that he was "prevented from making a motion like this earlier, since the Plea Agreement, (which is a governmental action) restricted [him] from filing a jurisdictional claim with his indictment based upon Jones v. United States, 526 U.S. 227 (1999) . . . ." With respect to the petitioner's second assertion, he claims that the cases of Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker and Fanfan, 543 U.S. ___ (2005) have "removed the impediment created by governmental action . . . ." Consequently, the petitioner believes that he should be permitted to proceed on the instant Motion to Vacate.

Suffice it to say, however, the petitioner's Motion to Vacate is time-barred. Furthermore, it is quite apparent that the petitioner, despite having been given an opportunity to do so, has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant Motion. Therefore, the petitioner's Motion to Vacate must be dismissed.[1]

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or Motion to Vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Congress amended the rules governing habeas proceedings and modified the Motion to Vacate forms to comply with the new

3

## II. **ANALYSIS**

Indeed, as was noted on the petitioner's Motion to Vacate form, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that the petitioner's conviction

---

requirement. The new Motion to Vacate forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, such new provision advises the petitioner that if his/her conviction became final more than one year before the time that the Motion to Vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2255 [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the petitioner has attempted to address the timeliness of his Motion to Vacate—albeit unsuccessfully—the Court concludes that it need not provide the petitioner with any additional notice in this matter.

4

and sentence became final on or about May 30, 2002; that is, at the expiration of the 10-day period during which the petitioner could have given his notice of appeal following the Court's filing of its Judgment of Conviction. Accordingly, by the Court's calculations, the petitioner had up to and including May 30, 2003 in which to file the instant Motion. Suffice it to say, however, the petitioner did <u>not</u> file this Motion by that date.

Furthermore, the petitioner's explanations as to why his Motion should be deemed timely filed simply are inadequate. That is, although the petitioner asserts that his Plea Agreement prevented him from earlier filing this Motion, the waiver clause in the petitioner's Plea Agreement does not constitute an "impediment to making a motion created by governmental action in violation of the Constitution" as contemplated by paragraph (2). Rather, as this Court often has had occasion to explain, the Fourth Circuit Court of Appeals has repeatedly approved the knowing and voluntary waiver of appellate rights such as those involved herein. <u>See, e.g.</u>, <u>United States v. General</u>, 278 F.3d 389, 399-01 (4th Cir.), <u>cert. denied</u>, 536 U.S. 950 (2002); <u>United States v. Brown</u>, 232 F.3d 399 (4th Cir. 2000); <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); <u>and United States v. Davis</u>, 954 F.2d 182, 185-86 (4th Cir. 1992). Thus, the petitioner simply cannot rely on the subject paragraph to excuse the untimeliness of his Motion.

5

Equally critical, the waiver provision in question expressly excludes claims of ineffective assistance or prosecutorial misconduct--like two of the three allegations which the petitioner now has brought. That being the case, the petitioner has failed to articulate a reason why the one-year limitations period should be extended in any event.

Nor can the petitioner rely on the third paragraph which would require that the Court calculate the petitioner's one-year limitations period from the date on which a right asserted was initially recognized by the Supreme Court since that Court has not made its rulings from the Jones, Apprendi, Blakely or Booker and Fanfan cases retroactively applicable to cases such as this one. On the contrary, in United States v. Sanders, 247 F.3d 139, 145-46 (4th Cir.), cert. denied, 534 U.S. 1032 (2001), the Fourth Circuit concluded that Apprendi (and presumably it's progenitor, Jones) could not be retroactively applied to cases on collateral review such as the instant one. Similarly, in United States v. Beatty, WL 1759028 (unpublished 2004), the Fourth Circuit forecast its prediction that Blakely likely will not be deemed retroactively applicable in the collateral review context. Therefore, the petitioner's Motion to Vacate cannot be deemed timely filed.

### III. **CONCLUSION**

The AEDPA requires, among other things, that petitioners

seeking to bring Motions to Vacate under 28 U.S.C. 2255 bring such Motions within time limitations prescribed by that statute. Here, the petitioner has failed to meet that requirement, and he has failed to establish a basis for construing his Motion as timely filed. Accordingly, the petitioner's Motion to Vacate shall be <u>dismissed</u>.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the instant Motion to Vacate is **DISMISSED** as untimely filed; and

2. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney.

**SO ORDERED**, this the 28th day of April, 2005.

RICHARD L. VOORHEES
**United States District Judge**